JS - 6

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-07883 MMM (PLAx) | Date | October 10, 2012 |

| | |
|---|---|
| Title | *Deutsche Bank Nat'l Trust Co. v. Bell* |

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     **Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction**

### I.  FACTUAL BACKGROUND

Plaintiff Deutsche Bank National Trust Company commenced this for unlawful detainer action on July 25, 2012 against Jessie Bell, Jr. and certain fictitious defendants in state court.[1]   On September 13, 2012, Bell removed the action to this court based on federal question jurisdiction.[2]

Plaintiff alleges that it is entitled to possession and is the owner of record of a parcel of real property located at 69 Rolling Ridge Dr., Pomona, California 91766.[3]   Defendants allegedly remain in possession of the property despite having being served with a 3/90 day notice to quit.[4]   Plaintiff

---

[1]Notice of Removal ("Removal"), Docket No. 1 (Sept. 13, 2012), Exh. A ("Complaint") at 1.

[2]*Id.*, ¶ 6.

[3]Complaint, ¶¶ 2, 6.

[4]*Id.*, ¶ 5.

acquired title to the property on June 29, 2012 at a trustee's sale.  It was the foreclosing beneficiary, and recorded a trustee's deed on sale confirming its ownership of the property.[5]  On July 16, 2012, plaintiff served a 3/90 day notice to quit on defendants by posting the notice in a conspicuous place on the property and mailing a copy to defendants at the subject property.[6]  Plaintiff alleges that although on July 17, 2012, the notice to quit expired, defendants have remained in possession of the property.[7]  It seeks restitution and possession of the property, holdover damages of $75.00 per day from July 18, 2012 to the date of judgment, costs of suit, and any other relief the court deems appropriate.[8]

Bell filed a demurrer to the complaint on August 3, 2012, alleging that the notice to quit was defective and that the complaint failed to state a cause of action on which relief could be granted.[9]  The state court overruled his demurrer.[10]

## II.  DISCUSSION

### A.     Legal Standard Regarding Removal Jurisdiction

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue.  See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

Where a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").  The

---

[5]*Id.*, ¶ 6.

[6]*Id.*, ¶ 7.

[7]*Id.*, ¶ 8.

[8]*Id.*, ¶ 10.

[9]Removal, Exh. B ("Demurrer") at 3.

[10]*Id.*, ¶ 9.

2

court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction. See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)). For the reasons discussed below, the court lacks subject matter jurisdiction and the action must be remanded to the Los Angeles Superior Court.

### B.    Federal Question Jurisdiction

#### 1.    Legal Standard for Federal Question Jurisdiction

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharm.*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

### 2.    Whether Federal Question Jurisdiction Exists

There is no federal question apparent on the face of plaintiff's complaint, which alleges only an unlawful detainer cause of action. See *Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law," citing *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez*, NO. C09-05985 HRL, 2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

Bell asserts that plaintiff's notice to vacate was defective, because it failed to comply with The Protecting Tenants at Foreclosure Act.[11] While this is a federal defense as noted, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint. . . ." *Franchise Tax Bd.*, 463 U.S. at 14. Because plaintiff's complaint does not present a federal question, either on its face or as artfully pled, the court does not have jurisdiction under 28 U.S.C. § 1331.

### C.    Diversity Jurisdiction

Bell does not argue that diversity jurisdiction exists. Diversity jurisdiction requires that the amount in controversy exceed $75,000 and that the action be between citizens of different states. 28

---

[11]Removal, ¶ 8.

U.S.C. § 1332(a).  Jurisdiction, including the amount in controversy, is determined at the moment of removal.  See *In the Matter of Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992).

The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth an amount other than that pled in the complaint.  *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961); *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007).  In its complaint, plaintiff requests holdover damages of $75.00 per day from July 18, 2012 to the date of judgment.[12]  It also alleges that its damages do not exceed $10,000, and it filed the action as a limited civil case.[13]  See CAL. CODE CIV. PROC. § 86 (classifying cases where the prayer is less than $ 25,000 as limited civil cases).  Consequently, it is clear that the amount in controversy does not exceed $75,000,[14] and the court lacks diversity jurisdiction to hear the action.

### III.  CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Here, defendant has failed to carry this burden.  For the reasons stated, the clerk is directed to remand this case to Los Angeles Superior Court forthwith.[15]

---

[12]Complaint, ¶ 10.

[13]*Id.* at 1.

[14]In an unlawful detainer action, the appropriate measure of damages is the amount sought in the complaint, not the value of the property.  *Federal Nat. Mortg. Ass'n v. Lemon*, No. CV 11–03948 DDP (FFMx), 2011 WL 3204344, *2 (C.D. Cal. July 26, 2011) ("[T]he appropriate damages in unlawful detainer actions remains the amount sought in the complaint, not the value of the property itself"); see also *U.S. Bank Nat'l Ass'n v. Marshall-Edward: Mikels*, No. C 11–4687 PJH, 2011 WL 5362082, *2 (N.D. Cal. Nov. 7, 2011) ("The complaint seeks restitution of the premises, damages in the amount of $50.00 per day from August 6, 2010, through the date that defendant remains in possession of the property, plus costs of suit.  The amount in controversy is not the assessed value or the sales value of the property, but rather the $50.00 per day that HSBC is seeking in damages.  Thus, if HSBC prevails against defendant in the unlawful detainer action, liability will not exceed $75,000.00"); *Skyline Vista Equities, LLC v. Henderson*, No. ED CV 11–1665 PA (AGRx), 2011 WL 5122616, *2 (C.D. Cal. Oct. 25, 2011) ("[T]he amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property").

[15]Plaintiff attempted, on September 30, 2012, to file a motion to remand, which was stricken by the clerk for reasons stated in a notice to filer of deficiencies.  Given the court's *sua sponte* remand, the motion need not be refiled.